HANSEN and ADAMS, JJ., concur.

1998 OK CIV APP 104

**Fred H. ADAMS, Plaintiff/Appellant,**

v.

**INDEPENDENT SCHOOL DISTRICT NO. 43 of Okmulgee County, Oklahoma,[1] Defendant/Appellee.**

No. 88613.

Court of Civil Appeals of Oklahoma, Division No. 3.

June 23, 1998.

Rob L. Pyron, M. Bradley Carter, Seminole, for Plaintiff/Appellant.

Mark S. Rains, Rosenstein, Fist & Ringold, Tulsa, for Defendant/Appellee.

OPINION

ADAMS, Judge.

¶ 1 Plaintiff/Appellant Fred Adams retired as superintendent of Independent School District No. 43 of Okmulgee County, Oklahoma (District) on June 30, 1995. When District refused to pay him for one hundred forty-five days of "accrued and unused sick leave," Adams sued. District answered, denying Adams' entitlement to such payment and counterclaiming for amounts it claimed Adams had been overpaid in his last year. After a bench trial, the trial court found for District on Adams' claim and for Adams on District's counterclaim. Only Adams appeals.

¶ 2 The only issues in this appeal relate to Adams' entitlement, under the language of

1. When Plaintiff/Appellant initially filed this petition he named "Wilson School District a/k/a Wilson Board of Education" as the Defendant instead of using the corporate name required by 70 O.S.Supp.1993 § 5–105. However, the answer was filed using the correct title, "Independent School District No. 43 of Okmulgee County, Oklahoma." The trial court style was never corrected to reflect the legal name of the defendant and was carried over in the Petition in Error. We correct the style to comply with § 5–105.

his contract with District and under authorizing statutes, to be paid for sick leave which he had accumulated during his service for District and which he had not used. Because we conclude the relevant statutory provisions are dispositive of Adams' claim to such compensation, we do not address the contract question.

¶3 Under 70 O.S.Supp.1993 § 5–141(B), District was prohibited from paying Adams, a school administrator, "any amounts for accumulated sick leave that are not calculated on the same formula used for determining payment for accumulated sick leave benefits for other full-time employees of that school district." It is undisputed that District, at the time in question, had never adopted any policy or other formula for determining payment for accumulated sick leave benefits for all full-time District employees. Although the trial court did hear evidence of a long-standing operational approach which allowed employees to accumulate and use sick leave in excess of the twelve days to which District contended Adams' contract limited him and in excess of the sixty days mandated by 70 O.S.Supp.1993 § 6–104 for teachers and support personnel, the record contains no evidence of action by District relating to the payment for accumulated and unused sick leave applicable to anyone other than Adams.

¶4 Adams argues that his testimony that he believed any other full-time employee should have received such a payment, calculated on the same basis he contends was applicable to him, if they had requested it, satisfies the statutory mandate. Unfortunately for Adams, he was not the policy maker for District. His expression of that belief does not establish the required uniform formula. The adoption of such a formula applicable to all full-time District employees was the province of the school board, and it had not done so at the time Adams retired.

¶5 In the absence of such a uniform formula, any provision in Adams' contract providing for payment of accumulated and unused sick leave upon his retirement was contrary to law and was therefore void. Having so concluded, we need not address other allegations of error raised by Adams relating to the interpretation of his contract and the application of 70 O.S.Supp.1993 § 6–104 to superintendents. The trial court correctly concluded that § 5–141(B) prohibited District from paying Adams for accumulated and unused sick leave upon his retirement, and the judgment is affirmed.

AFFIRMED.

HANSEN, J., and BUETTNER, P.J., concur.